GREAT NORTHERN PAC. S. S. CO. v. RAINIER BREWING CO. *

(Circuit Court of Appeals, Ninth Circuit. February 24, 1919.)

No. 3120.

1. INTOXICATING LIQUORS ⬦=138—INTERSTATE SHIPMENT—LABELING PACKAGE—"CONSIGNEE."

"Consignee," in Criminal Code, § 240 (Comp. St. § 10410), declaring it an offense to ship into a state a package of liquors unless labeled to show the name of the consignee, not being defined, must be assumed to be used in its ordinary commercial and legal significance, and so to mean the one to whom the carrier may lawfully make delivery in accordance with its contract of carriage.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Consignee.]

2. INTOXICATING LIQUORS ⬦=138—INTERSTATE SHIPMENT—OFFENSES.

In view of Rem. Code Wash. 1915, § 6262—15, authorizing a person to bring into the state two quarts of whisky or a dozen quarts of beer, first obtaining a permit giving his name, which shall be affixed to the package, and requiring the carrier before delivering the package to cancel the permit, and section 6262—18, making it unlawful for a carrier to bring liquor into the state otherwise than permitted by the statute, it would be a crime, both under such statute and Criminal Code, § 240 (Comp. St. § 10410), for a carrier to deliver to a transfer company named as consignee in the bill of lading, a carload of liquor made up of packages bearing permits so issued to individuals.

3. CARRIERS ⬦=35—INTERSTATE SHIPMENT — INTOXICATING LIQUOR — RATES RECOVERABLE.

Where it would be a crime for carrier to deliver to transfer company named in bill of lading as consignee, a carload of liquor shipped into Washington, and made up of numerous packages for various individuals, bearing their permits therefor, carrier could break up the shipment into individual consignments, deliver each package to the person indicated by permit, and recover of shipper the tariff rate for less than carload shipment, though contract was for carload shipment rate; it being required to collect the rate applicable to the transportation furnished.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by the Great Northern Pacific Steamship Company against the Rainier Brewing Company. Judgment of dismissal, and plaintiff brings error. Reversed and remanded.

⬦=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied May 12, 1919.

Carey & Kerr and Charles A. Hart, all of Portland, Or., and F. G. Dorety, of Seattle, Wash., for plaintiff in error.

S. J. Wettrick, of Seattle, Wash., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. It is provided, among other things, by the statutes of the state of Washington (section 6262—15, Remington's Codes and Statutes of 1915), that any person, desiring to ship or transport a certain prescribed quantity of any intoxicating liquor into any county of that state, shall appear before the county auditor and make a sworn statement showing, among other things, his name, that he is over 21 years of age, and the name and address of the person, firm, or corporation from whom the shipment is to be made, upon which statement the auditor is authorized to issue a permit to such applicant to ship or transport such limited quantity of liquor. Such permit the statute requires to be attached to and plainly affixed in a conspicuous place to the package or parcel containing the liquor, and when so affixed "shall authorize any railroad company, express company, transportation company, common carrier, or any person, firm or corporation operating any boat, launch or vehicle for the transportation of goods, wares and merchandise within the state of Washington, to transport, ship or carry not to exceed one-half gallon of intoxicating liquor other than beer, or twelve quarts or twenty-four pints of beer"; and it further declares that "any person so transporting such intoxicating liquor shall, before the delivery of such package or parcel of intoxicating liquor, cancel said permit and so deface the same that it cannot be used again."

Section 6262—18 of the same statutes makes it unlawful for any carrier to bring any liquor into the state except such as is expressly permitted by the statute, and section 6262—20 prohibits all carriers from making any such transportation within the state unless the package or parcel is plainly marked with the words: "This Package Contains Intoxicating Liquor."

The complaint in the action which was brought in the court below by the plaintiff in error to recover an alleged balance claimed to be due for the transportation and delivery of certain beer, together with the other pleadings, shows, among other things, that plaintiff was a common carrier by water, operating boats between San Francisco and Flavel, Or.; that at Flavel it connected with the rail line of the Spokane, Portland & Seattle Railway Company, which at Portland connected with the line of the Northern Pacific Company to Seattle and elsewhere; that the steamship company had joined with the rail lines in making through rates from San Francisco to Seattle, thus bringing the transportation in question under Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379; that in May, 1917, the defendant brewing company delivered to the steamship company at San Francisco two shipments of beer for transportation by the steamship company and its rail connections to Seattle; that the shipments were billed as carload shipments and were consigned to the American Transfer Company; that each shipment consisted of a large number of individual

cases or packages of bottled beer, each package containing not more than the quantity allowed to be imported into the state of Washington by an individual; that each package had affixed to it the permit required by the statute of that state; that the freight charges demanded and paid at the time of making the shipment were based on the carload rate and amounted to $425.57; that when the shipments were received by the rail carriers they concluded that the beer could not be transported into the state of Washington in carload lots and delivery made to a transfer company; that the two shipments were thereupon broken up into individual consignments, and each of the packages included in the two cars was thereafter handled to destination as a less than carload shipment, and delivered to the person indicated by the permit affixed to the package; that according to the duly filed and published tariffs the charges for the transportation of the packages of beer in less than carload shipments amounted to $2,041.54; and, giving defendant company credit for the $425.57 paid at the time of making the shipment, the plaintiff carrier claimed and asked judgment for the balance of $1,615.97.

The court below dismissed the action, and the present writ of error was sued out to review its judgment.

Section 240 of the federal Code (Act March 4, 1909, c. 321, 35 Stat. 1137 [Comp. St. § 10410]) provides, among other things, as follows:

"Whoever shall knowingly ship * * * from one state * * * into any other state * * * any package of or package containing any * * * intoxicating liquor of any kind, unless such package be so labeled on the outside cover as to plainly show the name of the consignee, the nature of its contents, and the quantity contained therein, shall be fined not more than $5,000. * * *"

[1, 2] There being no definition of the word "consignee" contained in that act, it must be assumed, as was held in United States v. Eighty-Seven Barrels, etc., of Wine (D. C.) 180 Fed. 215, that "Congress used it in its ordinary commercial and legal signification," and which plainly means (page 220) "that person or corporation to whom the carrier may lawfully make delivery of the consigned goods in accordance with its contract of carriage." In the instant case the carrier could not lawfully make delivery of either of the two carloads of beer shipped to the consignee named in the respective bills of lading—the transfer company—by reason of the prohibitive provisions of the statutes of the state of Washington that have been referred to. To have done so would therefore have been a crime, not only under the statute of that state, but under section 240 of the federal Criminal Code as well.

[3] It is well settled that an interstate carrier must collect the tariff rates applicable to the transportation furnished as fixed by law, no matter what may have been the terms or compensation agreed upon by it and the shipper. Texas & Pacific Railway v. Mugg, 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011. And while the plaintiff was authorized to carry the beer here in question into the state of Washington, it did so subject to the requirements of the laws of that state, which, as has been seen, prohibited its delivery in bulk to the consignee, or in any other manner than by the individual package to the individual

authorized by the state statutes to receive it, taking care to first cancel and deface the permit thereto attached. Clark Distilling Co. v. Western Maryland Railway Co. and State of West Virginia, Clark Distilling Co. v. American Express Co. and State of West Virginia, 242 U. S. 311, 37 Sup. Ct. 180, 61 L. Ed. 326, L. R. A. 1917B, 1218, Ann. Cas. 1917B, 845.

We therefore think it clear that for the services thus required of and performed by the carrier in the present case it was legally entitled to recover the legally established rates therefor, and that, accordingly, the judgment below must be, and hereby is, reversed, and the case remanded for further proceedings in accordance with the views above expressed.