### RAINIER BREWING CO v. GREAT NORTHERN PAC. S. S. CO.

(Circuit Court of Appeals, Ninth Circuit. February 7, 1921.)

No. 3520.

Appeal and error ☞1097(1)—Decision on former appeal controls, if facts are the same.

Where the facts are the same, the judgment on a former appeal has become the law of the case, and is controlling on a subsequent appeal.

In Error to the District Court of the United States for the Northern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by the Great Northern Pacific Steamship Company against the Rainier Brewing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

S. J. Wettrick, of Seattle, Wash., for plaintiff in error.

Carey & Kerr and Charles A. Hart, all of Portland, Or., for defendant in error.

Before GILBERT and HUNT, Circuit Judges, and Wolverton, District Judge

WOLVERTON, District Judge. This is the second appeal, and in reality presents nothing new for our consideration. The facts are stipulated, and are, in brief, as follows:

In May, 1917, the brewing company delivered to the steamship company, at San Francisco, two carloads of beer for transportation to Seattle, to be delivered to the American Transfer Company, the consignee named in the bills of lading. The freight charges were prepaid, on the basis of carload rates, in the sum of $425.57.

The shipments consisted of numerous packages of bottled beer, each bearing a permit, and marked in such manner as fully to comply with the laws of the state of Washington, and also with the laws of the United States relating to interstate shipment of intoxicating liquor.

The American Transfer Company, the consignee, was a corporation operating vehicles for the transportation of goods in and about the city of Seattle, and the shipments were consigned to it to enable it to distribute the different packages making up the shipments to the individuals whose names appeared on the permits.

The two carloads of beer were transported as far as Portland, Or., where they were to be delivered by the Spokane, Portland & Seattle Railway Company to the Northern Pacific Railway Company for transportation to Seattle. In view of the Washington statute relating to the shipment of intoxicating liquor into the state, the Northern Pacific Railway Company refused to accept the shipments in carload lots; whereupon they were rebilled in separate packages to the individuals holding the permits, as shown on the packages, thus segregating the carload shipments into 2,565 packages. So segregated, the shipments were accepted by the Northern Pacific Railway Company, and transported to Seattle, where delivery was made to the persons whose names appeared on the permits attached thereto, or upon their order.

At the through carload rate, the freight on the shipments was $425.57, which was prepaid. At less than carload rate, as rebilled, it amounted to $1,927.27. After deducting the prepayment, this leaves $1,501.70, the amount for which plaintiff demands payment.

Judgment was rendered by the court below against the defendant (plaintiff in error) for this sum, from which error is prosecuted to this court.

The situation as disclosed by the stipulated facts is not different from that which appeared from the pleadings when the case was previously here. Great Northern Pac. S. S. Co. v. Rainier Brewing Co., 255 Fed. 762, 167 C. C. A. 106.

After a careful review of the cause, we find no reason for any different conclusion from that reached on the former appeal. Indeed, the facts being the same, the former judgment has become the law of the case, and is controlling on this appeal.

Affirmed.